Filed 7/3/24  P. v. Torres CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARMEL PEREZ TORRES,<br><br>    Defendant and Appellant. | G062441<br><br>(Super. Ct. No. M-19701)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael F. Murray, Judge.  Reversed and remanded with directions.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Sharon

L. Rhodes and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Carmel Perez Torres appeals from an order denying his petition to terminate his sex offender registration pursuant to Penal Code section 290.5.[1]  The trial court concluded that continued registration would significantly enhance community safety.  After reviewing the evidence, we conclude the district attorney failed to carry his burden to produce evidence proving denial of appellant's petition would significantly enhance community safety.  The trial court therefore erred in denying the petition.  Accordingly, we reverse and remand with directions to grant the petition.

**FACTS**

I.     *Petition to Terminate Sex Offender Registration*

On April 28, 2022, appellant filed a form petition to terminate his sex offender registration.  In his petition, he stated that he is not in custody or on parole, probation, post-conviction release, or any other form of supervised release.  He further stated that he was designated as a Tier 2 - Adult registrant and has been registered for at least 20 years.  The petition was served on the registering law enforcement agency, the Orange County Sheriff's Department, and on the Orange County District Attorney.

II.     *Law Enforcement Agency Certification*

In accordance with section 290.5, the Orange County Sheriff's Department certified that (1) appellant was a Tier 2 - Adult registrant; (2) there were no pending charges against him that would extend the time to

---

[1]　　All further statutory references are to the Penal Code, unless otherwise stated.

2

complete the registration requirements; (3) appellant was not on parole, probation or supervised release; and (4) appellant was not in custody. The Sheriff's Department also certified appellant has no failure-to-register convictions, and even when his total incarceration time was excluded from the relevant time period, he still completed the minimum mandated registration period of 20 years from the date of his last registrable sex offense. It determined appellant was eligible for termination from the sex offender registration.

III.    *Objection to Petition*

The district attorney objected to appellant's petition to terminate sex offender registration on the sole basis that community safety would be significantly enhanced by the petitioner's continued registration. In the written opposition, respondent recounted the alleged facts underlying appellant's registrable sex offenses. Briefly, appellant was charged with four sex crimes against his minor nephew. The amended complaint alleged four counts of violating section 288(a) (Lewd Acts on a Child under 14), with a section 1203.066(a)(9) enhancement for abuse of position of special trust. On December 8, 1983, appellant entered a "no contest" plea to all four counts and to the section 1203.066(a)(9) allegation. On count 1, he was sentenced to one year in county jail, 5 years of formal supervised probation and registration. The sentences on the remaining three counts were stayed.

Respondent argued the circumstances of his sex crimes warranted denial of appellant's petition, contending the victim's allegations of sex abuse showed his criminal conduct was akin to a "Tier 3" or "Lifetime" registrable offense. Additionally, the victim was 11 years old at the time, while appellant was 25 years old. Respondent acknowledged there was no evidence of any relevant criminal or non-criminal behavior before or after the

3

conviction that lead to registration. Respondent also was not aware whether appellant completed any sex offender treatment program or participated in any risk assessment evaluation.

In response, appellant argued respondent failed to show that termination of registration was not appropriate. Respondent did not produce evidence that the facts and circumstances of the registerable offenses are "associated with an increased risk of recidivism," or the victim's age is "predictive of unusual risk." Appellant argued several statutory factors supported terminating registration. First, the victim was not a stranger. "Recidivism rates for offenses with known victims are significantly lower than sex-offense recidivism rates generally." Second, he is currently 65 years old, and has not committed any sex offenses for over 39 years, while never failing to maintain registration during that time. Third, he successfully completed a year-long therapy program in 1986, and received a low risk classification on his last probation report.

IV.    *Hearing and Ruling on Petition*

At the hearing on appellant's petition to terminate sex offender registration, the court focused on the facts of the underlying case. It stated: "A different fact pattern and the same clean record and substantial period of time of staying out of trouble, then this is an easy call. [¶] It is not quite as easy when it appears that the conduct went as far as it went and was the nature of the conduct that it was. And that's what is primarily troubling to the Court, so because of those reasons and because I think the public safety is protected by continuing registration for somebody who has exhibited this kind of conduct." The court denied the petition, but stated appellant could reapply in a year.

4

## DISCUSSION

Section 290.5, subdivision (a)(1) provides that a "person who is required to register pursuant to Section 290 and who is a tier one or tier two offender may file a petition in the superior court in the county in which the person is registered for termination from the sex offender registry . . . , following the expiration of the person's mandated minimum registration period . . . ." Unless the district attorney objects by requesting a hearing, "the petition for termination shall be granted if the court finds the required proof of current registration is presented in the petition, provided that the registering agency reported that the person met the requirement for termination pursuant to subdivision (e) of Section 290, there are no pending charges against the person which could extend the time to complete the registration requirements of the tier or change the person's tier status, and the person is not in custody or on parole, probation, or supervised release." (§ 290.5, subd. (a)(2).)

If the district attorney objects, "the district attorney shall be entitled to present evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (§ 290, subd. (a)(3).) Stated differently, "the prosecution must produce evidence establishing that requiring continued registration appreciably increased society's safety." (*People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).) Because section 290.5 does not specify the applicable standard of proof, the prosecutor has the burden of proof by a preponderance of the evidence. (Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."].)

"In determining whether to order continued registration, the court shall consider: [1] the nature and facts of the registerable offense; [2]

5

the age and number of victims; [3] whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); [4] criminal and relevant noncriminal behavior before and after conviction for the registerable offense; [5] the time period during which the person has not reoffended; [6] successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and [7] the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available. Any judicial determination made pursuant to this section may be heard and determined upon declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (§ 290.5, subd. (a)(3).)[2] "If termination from the registry is denied, the court shall set the time period after which the person can repetition for termination, which shall be at least one year from the date of the denial, but not to exceed five years, based on facts presented at the hearing." (§290.5, subd. (a)(4).).

We review the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion. (*Thai, supra*, 90 Cal.App.5th at p. 433.) "To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reasons, i.e., was arbitrary, capricious, or patently absurd." (*Ibid.*) "A trial court

---

[2]    Since January 1, 2007, the SARATSO for adult male sex offenders has been the STATIC-99 risk assessment scale. (§ 290.04, subds. (a), (b)(1).) "'The Static-99R is a revised version of the Static-99 that takes into account the age of a sexual offender based on statistics showing the risk of sexual reoffense decreases as the offender ages.'" (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1067-1068, fn. 6.)

abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*Ibid.*)

Here, the district attorney failed his burden of establishing that continued registration would appreciably increase community's safety. As to statutory factors 4 through 7, either the district attorney produced no evidence or the evidence produced by the parties supported granting the petition to terminating registration. For example, as to factors 4 (criminal and relevant noncriminal history) and 5 (time since reoffending), the district attorney acknowledged that appellant had no criminal history or relevant noncriminal history in the more than 39 years since the underlying case leading to registration.

The trial court's denial of the petition was based solely on the statutory factors relating to the facts of the registrable offenses, including those relating to the victim. As the court stated, "A different fact pattern and the same clean record and substantial period of time of staying out of trouble, then this is an easy call. [¶] It is not quite as easy when it appears that the conduct went as far as it went and was the nature of the conduct that it was. And that's what is primarily troubling to the Court, so because of those reasons and because I think public safety is protected by continuing registration for somebody who has exhibited this kind of conduct." The trial court, however, lacked the guidance of our decision in *Thai, supra*, 90 Cal.App.5th 427, which was issued the following month. Another panel of this Court held that a petitioner's sex offense is insufficient by itself to demonstrate a petitioner presents a significant current risk to community safety. (*Thai, supra*, 90 Cal.App.5th at p. 434 ["Assuming for purposes of argument the 1997 offense [a tier 2 registrable sex crime] was egregious,

7

those facts alone do not demonstrate Thai was a risk to the community over 24 years later"].)

Respondent argues that the victim's allegations of appellant's criminal conduct supports denial because the allegations show appellant's conduct was much more serious than other conduct punished under section 288, subdivision (a). Indeed, the alleged conduct, if found true, could have resulted in a conviction requiring lifetime registration. However, the argument that appellant was ineligible for relief because his conduct could have resulted in lifetime registration recently was rejected in *People v. Franco* (2024) 99 Cal.App.5th 184. There, the appellate court explained: "[a]lthough this argument is not without some logical gravity, we nevertheless reject it because sections 290 and 290.5 did not adopt this approach. These statutes hinge the designation of tiers (and hence the minimum duration of registration as a sex offender) on whether the defendant '*was* convicted' of certain crimes (§ 290, subd. (d)(2), (3)(C), italics added) —not on whether the defendant "could have been convicted" of other crimes, including crimes that did not yet exist at the time the sex offense was committed." (*Id.* at p. 195.) We agree with that reasoning and adopt it here. Appellant was convicted of lewd acts on a child under 14, and he satisfied all of the statutory requirements for relief.

In summary, respondent failed to prove by a preponderance of the evidence that requiring appellant's continued registration would significantly enhance community safety. The trial court therefore erred in denying the petition to terminate sex offender registration.

8

## DISPOSITION

The order is reversed, and the matter is remanded with direction to grant appellant's petition.


DELANEY, J.


WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.